**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>               v.<br><br>JARED SMITH,<br><br>           Defendant. | Criminal Case No. 15-194 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Pending before the Court is a motion filed by the defendant, Jared Smith, seeking reconsideration, under 18 U.S.C. § 3145(b), of the Magistrate Judge's order of detention entered after a detention hearing. *See* Def.'s Mot. Set Bond ("Def.'s Mot.") at 1, ECF No. 11; Det. Mem., ECF No. 10; Minute Entry, dated Feb. 5, 2016. Specifically, the defendant proposes his release pending trial on conditions that include residence with the retired parents of his fiancé, pretrial supervision by the U.S. Probation Office of the Northern District of California and electronic monitoring. Def.'s Mot. at 1; Rough Hr'g Tr. (Feb. 12, 2016) at 9–10. For the reasons set forth below, this motion is denied.

## I.      BACKGROUND

Defendant Jared Smith was indicted on December 17, 2015, for one count of conspiracy to distribute and possess with intent to distribute a mixture and substance containing at least 50 grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii). Indictment at 1, ECF No. 1.

According to the government's proffer during the defendant's initial detention hearing before Magistrate Judge Alan Kay, the defendant, who is a resident of California, allegedly acquired methamphetamine from suppliers in California, which he then distributed via mail to

1

recipients in seven states and the District of Columbia.  Det. Mem. at 1.  In connection with this alleged distribution to over twenty individuals, the defendant allegedly received approximately $250,000.  *Id.* at 1–2.

Following his arrest in California on December 17, 2015, the defendant was ordered temporarily detained, at the government's request, by Magistrate Judge Deborah Robinson. Minute Entry, dated Jan. 12, 2016.  Thereafter, following the parties' multiple requests to continue the defendant's subsequent detention hearing, Magistrate Judge Kay granted the government's oral motion to detain the defendant pending trial on February 5, 2016, *see* Minute Entry, dated Feb. 5, 2016, which oral ruling was later supplemented by a written Detention Memorandum issued on February 9, 2016, *see* Det. Mem.  Consequently, the defendant was ordered by Magistrate Judge Kay to be held without bond pending trial.  *Id.* at 5.

The defendant thereafter, on February 10, 2016, filed the pending motion requesting his release pending trial on pretrial supervision, with electronic monitoring, in the Northern District of California.  Def.'s Mot. at 1.  The Court held a hearing on the motion on February 12, 2016, at which the defendant clarified that his fiancé's parents, both of whom are retired attorneys who reside in San Diego, California, are prepared to assist in supervising the defendant during any period of his release before trial.  Rough Hr'g Tr. (Feb. 12, 2016) at 9–10.  According to the defendant, such supervision could be accomplished either in his hometown of Monterey, California, or alternatively, in San Diego.  *Id.* at 6.

At the conclusion of the hearing, at which the Court heard from both the defendant and the government, the Court issued an oral ruling denying the defendant's motion.  *See* Minute Entry, Feb. 12, 2016.  This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.  *See* 18 U.S.C. § 3142(i)(1) (requiring that detention order "include written

findings of fact and a written statement of the reasons for the detention"); *see also United States v. Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011) (noting that Bail Reform Act requires pretrial detention order be supported by "a clear and legally sufficient basis for the court's determination" in written findings of fact and a written statement of the reasons for the detention or in "the transcription of a detention hearing") (quoting *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988)) (per curiam).

## II.   LEGAL STANDARD

A motion under 18 U.S.C. § 3145(b) for review of a Magistrate Judge's detention order requires that the Court review *de novo* whether conditions of release exist that "will reasonably assure the defendant's appearance in court or the safety of any other person or the community." *United States v. Hassanshahi*, 989 F. Supp. 2d 110, 113 (D.D.C. 2013) (citing 18 U.S.C. § 3142(e)(1)). "'The Court is free to use in its analysis any evidence or reasons relied on by the magistrate judge, but it may also hear additional evidence and rely on its own reasons.'" *United States v. Hubbard*, 962 F. Supp. 2d 212, 215 (D.D.C. 2013) (quoting *United States v. Sheffield*, 799 F. Supp. 2d 18, 20 (D.D.C. 2011)); *see also United States v. Hitselberger*, 909 F. Supp. 2d 4, 7 (D.D.C. 2012).

The Bail Reform Act of 1984 provides a "regulatory device . . . to provide fair bail procedures while protecting the safety of the public and assuring the appearance at trial of defendants found likely to flee." *United States v. Montalvo-Murillo*, 495 U.S. 711, 719–720 (1990). Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq*., a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community." *Id.* § 3142(e).  The judicial officer

considering the propriety of pretrial detention must consider four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
> (2) the weight of evidence against the person;
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and . . . whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g).

The government is required to demonstrate the appropriateness of pretrial detention by

clear and convincing evidence.  *See id.* § 3142(f).  When, however, "there is probable cause to

believe that the [defendant] committed . . . an offense for which a maximum term of

imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. §

801 *et seq.*)," a rebuttable presumption is triggered "that no condition or combination of

conditions will reasonably assure the appearance of the [defendant] as required and the safety of

any other person and the community." *Id.* § 3142(e)(3)(A).  The D.C. Circuit has made clear that

the Court "may rely on a grand jury indictment to establish probable cause for the purposes of

triggering the rebuttable presumption of section 3142(e)." *United States v. Williams*, 903 F.2d

844, 844 (D.C. Cir. 1990) (per curiam) (unpublished); *see also United States v. Smith*, 79 F.3d

1208, 1210 (D.C. Cir. 1996) ("[T]he indictment alone would have been enough to raise the

rebuttable presumption that no condition would reasonably assure the safety of the community."

(citing authorities)).  Notwithstanding the grand jury's finding of probable cause, the Court must

evaluate the weight of the evidence against a defendant seeking reconsideration of a detention order and pretrial release to determine whether pretrial detention is proper.  18 U.S.C. § 3142(g)(2).

## III.    DISCUSSION

The Court sets out below an evaluation of each of the four factors, under 18 U.S.C. § 3142(g), that must be considered in determining whether pretrial detention is warranted here.

First, with respect to the nature and circumstances of the offense, the defendant is charged in Count One of the Indictment with conspiring to distribute and possess with intent to distribute more than 50 grams of methamphetamine, in violation of the Controlled Substances Act, a felony that is punishable by more than ten years of imprisonment.  *See* 21 U.S.C. §§ 841(b)(1)(A)(viii), 846.  This charge is predicated on the defendant's alleged involvement in a large-scale methamphetamine trafficking operation spanning from California to this jurisdiction, and multiple States in between the two coasts, and involving multiple individual shipments of narcotics.  Det. Mem. at 1–2.  Despite the fact that no firearms or violence has been associated with the defendant's alleged illegal conduct, if convicted of this serious felony offense, the defendant faces a mandatory minimum sentence of ten years' incarceration, and a maximum sentence of life.  21 U.S.C. 841(b)(1)(A)(viii).  Thus, the rebuttable presumption required under 18 U.S.C. § 3142(e)(3) applies here.

Second, as to the weight of the evidence against the defendant, a grand jury has returned an indictment establishing that probable cause exists to find that the defendant committed the charged offenses.  *See generally* Indictment.  In its proffer before the Magistrate Judge, the government indicates that it has recovered packages containing methamphetamine allegedly sent by the defendant to recipients in Indiana, Ohio, and the District of Columbia, and has identified

evidence of payment in connection with over twenty illicit transactions.  Det. Mem. at 4.  In response, the defendant generally has not contested the government's representations and has indicated instead that the parties are discussing a potential agreement to dispose of this matter.

Third, regarding the "history and characteristics of the [defendant]," the defendant has performed significant service to his country during his two-decade career in the United States Navy.  In addition, he is currently employed in California, which employment the defendant represents would remain available to him should he be released prior to trial.  Notwithstanding these commendable aspects of the defendant's background, the Court finds troubling that the conduct underlying the instant Indictment against the defendant began and persisted while the defendant was enrolled in a diversion program in connection with a prior arrest, in California, for methamphetamine possession.  *Id.*  Yet, despite the wake-up call of a drug arrest and being given the opportunity to set his life straight and live within the confines of the law through the diversion program, the defendant allegedly engaged in the serious narcotics trafficking offense charged in this case.  Moreover, although the defendant is a United States citizen, he has negligible to no ties to the District of Columbia community.  As a result, his request for supervision in California presents the additional challenge of ensuring that the defendant appears before this Court as required for trial.  This potential challenge, together with the significant sentence the defendant may face if convicted, poses some risk of flight that the defendant has sought to address with his proposed conditions of release.

Finally, with respect to the last factor regarding the nature and seriousness of the danger to any person or the community that would be posed by the person's release, the defendant's apparent willingness to continue to engage in illegal conduct, even while he was otherwise gainfully employed and even after a criminal arrest in another case,

counsels strongly against release.  This aspect of the defendant's prior criminal history significantly reduces the Court's confidence that he will now comply with the conditions of his release and instead suggests that, if given an opportunity, the defendant has difficulty refraining from engaging in further illegal conduct that endangers not only the District of Columbia community but numerous other communities throughout the country.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Jared Smith has failed to rebut the presumption for detention that applies here.  Accordingly, the defendant's motion for reversal of the Magistrate Judge's order of detention is denied and he shall remain in the custody of the Attorney General for confinement pending a final disposition in this case.

An appropriate Order accompanies this Memorandum Opinion.

Date: February 16, 2016

_____
BERYL A. HOWELL
United States District Judge